IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 05-45-SLR |
| ) | |
| LAMAR GAINES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Ferris W. Wharton, Assistant United States Attorney for the District of Delaware, and the defendant, Lamar Gaines, by and through his attorney, Christopher Koyste, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with being a prohibited person in possession of a gun, in violation of 18 U.S.C. § 922(g)(1), which carries a maximum sentence of a term of imprisonment of ten years, a fine of $250,000, or both, three years supervised release, and a $100 special assessment.

2. At the time of sentencing, the Government agrees to move to dismiss Count Two of the Indictment which charges the defendant with possession of an unregistered firearm in violation of 26 U.S.C. §5845(a)(3) and (4), and (c), 5861(d) and 5871.

3. The defendant understands that if there were a trial, the Government would have to prove three elements of the offense – (1) that on or about December 27, 2004, he knowingly possessed a firearm; (2) that at the time he had previously been convicted of a crime punishable by more than one year's imprisonment; and (3) that the firearm affected interstate commerce, that is, that it had previously crossed state lines.

4. The defendant knowingly, voluntarily, and intelligently admits that, on or about December 27, 2004, in the State and District of Delaware, having previously been convicted in the Superior Court of the State of Delaware of the felonies of aggravated menacing on July 7, 2003 and assault second degree on February 28, 2001, crimes punishable by imprisonment for a term exceeding one year, he possessed in and affecting interstate commerce a Lakefield Arms Model 64B, .22 caliber rifle, serial number LO74550, a rifle with a barrel of less than 16 inches in length and an overall length of less than 26 inches.

5. The defendant abandons any right, title and interest that he may have in the following firearm: a Lakefield Arms Model 64B, .22 caliber rifle, serial number LO74550 the firearm having been seized by Wilmington Police Officers on or about December 27, 2004; agrees to execute all documents requested by the Government to effect his abandonment; and agrees that the Bureau of Alcohol, Tobacco & Firearms and/or Wilmington Police Department may dispose of the firearm in whatever manner it deems appropriate.

6. The defendant recognizes that an advisory sentence will be determined pursuant to the sentencing guidelines. He understands that the final determination of the sentencing guidelines will

be up to the sentencing judge. The United States represents to the defendant that based on the information available, the United States believes that his offense level (before acceptance of responsibility) should be 26, see SG §§ 2K2.1(a)(1) (base offense level of 26 since the offense involved a firearm described in 26 U.S.C. §5845(a) and the defendant committed the offense subsequent to sustaining two felony convictions for crimes of violence), and that it has no objection to a three-level reduction for acceptance of responsibility based on the defendant's conduct to date. The defendant understands that the Court is not bound by any stipulation between the parties, and that if the Court calculates the guidelines differently than he expects, or contrary to any stipulation of the parties or recommendation of his attorney, that he will not be allowed to withdraw his guilty plea. The defendant further understands that, while the sentencing judge is not bound by the guidelines, the sentencing judge must consult the guidelines and take them into account when imposing the defendant's sentence.

7. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

8. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

9. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

                                      COLM F. CONNOLLY
                                      United States Attorney

_____        By:_____
Christopher S. Koyste, Esquire            Ferris W. Wharton
Attorney for Defendant                     Assistant United States Attorney

_____
Lamar Gaines,
Defendant

Dated:

    **AND NOW**, this _____ day of _____, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

                                   _____
                                   Sue L. Robinson,
                                   United States District Judge